## STATEMENT OF FACTS

Your affiant, Heang Ly, is a Special Agent with the Federal Bureau of Investigation, and is assigned to the CR-3, Transnational Organized Crime, Western Hemisphere, located at the FBI Washington Field Office, in Washington, D.C. As discussed at length below, your affiant is currently investigating a drug trafficking conspiracy that is distributing large quantities of cocaine in the Washington, D.C. area. Your affiant's investigation began around July of 2024 and is ongoing. During the investigation and with the assistance of a confidential source, law enforcement has conducted several controlled cocaine purchases totaling over 500 grams from Papa Babacar Diop (DOB: xx/xx/xxxx, SSN: XXX-XX-XXXX). Additionally, as described more fully below, law enforcement set up a purchase of between a half of a kilogram and a kilogram of cocaine from Diop scheduled for January 13, 2025, executed a search warrant, observed Diop flushing cocaine down the toilet, seized cocaine, and arrested Diop, who admitted to possessing cocaine with the intent to distribute it and working with a supplier. .

In preparing this Statement of Facts, your affiant has reviewed multiple police reports and summaries of interviews by law enforcement officers relating to their collective investigation, and recorded audio and video recordings which detail the controlled cocaine purchases between Diop and the confidential source. Because this Statement of Facts is being submitted for the limited purpose of finding probable cause for the issuance of a complaint and arrest warrant, your affiant has not included each and every fact known to your affiant and fellow law enforcement officers concerning this investigation. Your affiant has only set forth the facts that your affiant believes is necessary to establish probable cause for the charge set forth in the complaint and the issuance of an arrest warrant.

The relevant facts are as follows:

In July of 2024, your affiant was provided information that Papa Babacar Diop was distributing cocaine in Washington, and that Diop often sold cocaine from Buddy's Bar and Restaurant, 3234 11th St NW, Washington, D.C. in Columbia Heights (https://www.buddysdc.com/). Through the investigation it was learned that Diop has a partial ownership interest in Buddy's Bar Restaurant as well as Smitty's Bar, located at 3549 Georgia Avenue, NW, Washington, D.C.

During the course of the investigation, your affiant utilized confidential sources (CSs) to assist in making controlled drug purchases from Diop, CS-1, and CS-2. CS-2 is also a CS for the Arlington County Police Department (ACPD), who was arrested in May of 2023, and is pending sentencing for a drug charge and he is assisting law enforcement in hopes of not being charged. He was arrested with a total of two ounces of cocaine. Additionally, the CS has been provided money for his assistance in the investigation, which will assist in covering expenses to include his cellular telephone, travel related expenses, and other personal hardship expenses he experienced. Below is a summary of the controlled purchases between CS and Diop:

On September 24, 2024, CS-2 purchased approximately 18.75 grams with packaging for $1,600 from Diop outside Potbelly's Sandwich Shop, 1275 First St., NE.

On October 2, 2024, CS-2 purchased approximately 28 grams with packaging for $1,700 from Diop from inside the Xxxxx Apartment Building, located at xx Xxxxxxxx Xx XX, Washington, DC xxxxx. Diop's known residence is Apartment xxx within the apartment building.

On October 9, 2024, CS-2 purchased approximately 56 grams with packaging for $3,000 from Diop from inside Smitty's Bar.

On November 4, 2024, CS-2 purchased approximately 76 grams with packaging for $4,000 from Diop from outside Potbelly's Sandwich Shop, 1275 First St., NE.

On November 19, 2024, CS-2 purchased approximately 126 grams with packaging for $5,400 from Diop from inside Diop's Lexus sedan outside of Smitty's Bar.

On December 10, 2024, CS-2 purchased approximately 211 grams with packaging for $8,100 from Diop from inside his apartment located in the Xxxxx Apartment Building, xx Xxxxxxxx Xx XX, Apt xxx, Washington, DC xxxxx.

On January 2, 2025, during a recorded call, the CS told DIOP that he wanted "18 with the two, 20k," Diop confirmed and stated, "We good, let's do that." On January 8, 2025, during a recorded call, the CS told Diop that he had "24," and was going to throw in an extra "G" for interest and to make up for the wait. Diop confirmed, and stated "this is a big number we are talking about." The two individuals agreed that the drug transaction would take place on January 13, 2025, at Diop's apartment located at the Xxxxx Apartment Building, xx Xxxxxxxx Xx XX, Apt xxx, Washington, DC xxxxx.

During the course of the meetings between Diop and the CS, Diop made a reference to other people contacting his supplier because the supplier's cocaine was good quality, and also that he had paid his supplier for the cocaine ahead of one of the controlled buys. Additionally, during the course of the investigation, your affiant believes that Diop may be obtaining the cocaine that he distributes from two potential cocaine suppliers.

All of the controlled drug purchases were done under the supervision of law enforcement. CS-2 was searched before and after each purchase and found to be free of contraband, CS-2 was provided law enforcement funds to make the purchases, law enforcement conducted surveillance of the controlled drug purchases to the extent possible, and during all drug purchases CS-2 was equipped with transmitting and audio/video recording devices. Additionally, each controlled purchase was initiated by either a telephone call or text message, most of which were captured by CS-2, and preserved by law enforcement. All of the drugs purchased were field-tested with a positive reaction for cocaine, and all have been sent or pending submission to laboratory for further analysis.

On January 10, 2025, the Honorable Moxila A. Upadhyaya, Magistrate Judge for the United States District Court for the District of Columbia signed search warrants for: 1) Xxxxx Apartment Building, xx Xxxxxxxx Xx XX, Apt xxx, Washington, DC xxxxx;  2) Smitty's Bar, located at 3549 Georgia Avenue, NW, Washington, D.C.; and 3) Diop's Lexus sedan.

On January 13, 2025, your affiant and other law enforcement officers executed the search warrant at xx Xxxxxxxx Xx XX, Apt xxx, Washington, DC xxxxx. After entry into the apartment, law enforcement encountered Diop inside the living room; inside the apartment was also Diop's

girlfriend. Inside the bathroom it appeared that Diop had flushed cocaine down the toilet. There was cocaine residue in the bathroom, and two large gallon Ziplock bags that contained cocaine residue inside the bag. There was cocaine residue in the toilet. Additionally, there were smaller bags of cocaine packaged in a form consistent with possessing with the intent to distribute. There were scales, over $27,000 in U.S. currency, and other smaller bags used to distribute cocaine.

Thereafter, Diop was arrested, he was explained his constitutional rights, and waived them. During a recorded interview, among other admissions, Diop admitted to possessing over four ounces of cocaine that day, he was waiting for his supplier to bring him an additional 18 ounces of cocaine that day, and that he intended to distribute the 22 ounces of cocaine.

Based on the forgoing, your affiant believes there is probable cause for the offense of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine.

_____
Heang Ly, Special Agent
Federal Bureau of Investigation

SWORN AND SUBSCRIBED BEFORE ME ON THE 13th DAY OF January, 2025.

_____
G. Michael Harvey
United States Magistrate Judge
For the District of Columbia